**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **M.B.-1, M.B.-2, M.B.-3, D.B., E.B., and I.B.**

**No. 23-149** (Wirt County CC-53-2020-JA-5, CC-53-2020-JA-6, CC-53-2020-JA-7, CC-53-2020-JA-8, CC-53-2020-JA-9, and CC-53-2020-JA-10)

**MEMORANDUM DECISION**

Petitioner Father R.B.[1] appeals the Circuit Court of Wirt County's February 13, 2023, order terminating his parental, custodial, and guardianship rights to M.B.-1, M.B.-2, M.B.-3, D.B., E.B., and I.B.,[2] arguing that the court erred in denying him a post-adjudicatory improvement period, terminating his parental rights when the conditions of abuse and neglect were correctable, and denying him post-termination visitation. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October 2020, the DHS filed a petition alleging that petitioner and the mother abused and neglected the children by subjecting them to uninhabitable conditions in the home and failing to protect them from sexual abuse. According to the petition, the home was covered in trash, feces, roaches, mold, bedbugs, and fleas. Several children stated that they wanted to leave the home and would frequently sleep at a neighbor's home "because of being bitten by bugs at their home."

---

[1]Petitioner appears by counsel Wells H. Dillon. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Deputy Attorney General Steven R. Compton. Counsel Michael D. Farnsworth Jr. appears as the children's guardian ad litem.

[2]Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Further, because several children share the same initials, we use numbers to differentiate them.

Further, another child in the home, K.B.,[3] reported to the DHS that the maternal grandfather "sexually molested [her] for over a year." Finally, the petition noted that the parents had a history with Child Protective Services in Arizona. The DHS later amended the petition to allege that petitioner physically abused the children through inappropriate discipline.

After a series of continuances, the court held an adjudicatory hearing in October 2021, during which petitioner stipulated to exposing the children to inappropriate individuals, thereby seriously endangering their health and wellbeing, and using inappropriate discipline. Based on petitioner's stipulation, the court found that he abused and neglected the children.

The court then held a series of dispositional hearings, during which it heard from multiple witnesses. Relevant to the resolution of this appeal, the court heard testimony during a February 2022 hearing from a psychologist who evaluated the parents. According to the psychologist, the parents admitted that "there have been multiple instances of sexual abuse by multiple perpetrators." The psychologist testified that the prognosis for petitioner to attain minimally adequate parenting was "poor," based, in part, on petitioner's minimization of the children's abuse. Further, when questioned about whether petitioner's participation in services would impact her opinion on petitioner's ability to parent, the psychologist stated that petitioner had "not demonstrated sustained behavioral change and sustained improvement in [his] supervisory tactics and [his] parenting style over long periods of time." During that hearing, the court also heard testimony from two individuals who observed multiple visits between the parents and the children. According to one witness, the children eventually refused to attend visits with petitioner. The other witness testified that the children did not have a bond with petitioner, and she stated that several of the children "didn't really seem like they cared to see [him] or not." Finally, an individual who provided parenting services to petitioner testified that he denied issues with improperly supervising the children and claimed that "the only deficiency [he] thought they had was a dirty home." Based on the evidence, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, especially considering that he "did not take the sexual abuse seriously," and that termination of his rights was necessary for the children's welfare. Accordingly, the court terminated petitioner's parental, custodial, and guardianship rights to the children.[4] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner first argues that the circuit court erred in denying him a post-adjudicatory improvement period. However, petitioner fails to include citation to the record demonstrating that he filed a written motion to this effect. As we have explained, "[a] circuit court may not grant a post-adjudicatory improvement period under W. Va. Code § 49-4-610(2) (eff. 2015) unless the respondent to the abuse and neglect petition files

---

[3]K.B. reached the age of majority during the proceedings and was dismissed prior to disposition. As such, K.B. is not at issue in this appeal.

[4]The mother's parental rights were also terminated. The permanency plan for the children is adoption.

a written motion requesting the improvement period." Syl. Pt. 4, *State ex rel. P.G.-1 v. Wilson*, 247 W. Va. 235, 878 S.E.2d 730 (2021). Because petitioner failed to comply with the applicable Rules of Appellate Procedure, he is entitled to no relief. *See* W. Va. R. App. P. 10(c)(7) (requiring that briefs "must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal" and permitting this Court to "disregard errors that are not adequately supported by specific references to the record on appeal").

Next, petitioner argues that the court erred in terminating his parental rights because he could have corrected the conditions of abuse and neglect. In support, petitioner cites to various evidence to argue that he addressed the physical conditions in the home, moved to a larger residence, and participated in parenting and adult life skills. However, petitioner ignores the fact that the psychologist who evaluated him indicated that petitioner minimized the children's abuse, including their repeated sexual abuse, and that another provider testified that the only deficiency petitioner acknowledged was the condition of the home. As we have explained, such failure to acknowledge renders conditions of abuse and neglect untreatable. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect . . . results in making the problem untreatable . . . ." (citation omitted)). Regardless of the evidence upon which petitioner relies, his refusal to fully acknowledge the abuse to which he previously stipulated and his minimization of permitting multiple individuals to perpetrate sexual abuse on the children constitute a situation in which there is no reasonable likelihood he could correct these conditions. Further, the court correctly found that the children's welfare required termination, based on their need for, among other things, continuity of care and caretakers and the older children's wishes. Accordingly, we find no error in the termination of petitioner's parental, custodial, and guardianship rights to the children. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental, custodial, and guardianship rights upon finding no reasonable likelihood that conditions of abuse and neglect can be substantially corrected in the near future and when necessary for child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of parental, custodial, and guardianship rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected" (citation omitted)).

Finally, petitioner argues that the court erred in denying him post-termination visitation with the children. As we have explained, when considering whether post-termination visitation is appropriate, "the circuit court should consider whether a close emotional bond has been established between parent and child." Syl. Pt. 11, in part, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002) (citation omitted). While petitioner argues that he had a close bond with the children, visitation supervisors testified to the contrary, indicating that no bond existed and many of the children displayed disinterest in visiting petitioner. In denying post-termination visitation, the court clearly weighed the credibility of the witnesses, and we decline to disturb this determination. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Accordingly, we find that petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 13, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: April 15, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn